UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NICHOLE ZACHMAN, on behalf of herself    :
and all others similarly situated,                  :
                       Plaintiff,         :        **MEMORANDUM OPINION**
v.                                  :        **AND ORDER**
                                 :
HUDSON VALLEY FEDERAL CREDIT     :        20 CV 1579 (VB)
UNION,                            :
                    Defendant.      :
------------------------------------------------------------------x

Briccetti, J.:

By Opinion and Order dated March 22, 2021, the Court denied defendant's motion to

compel arbitration. (Doc. #30). On April 21, 2021, defendant filed a notice of interlocutory

appeal pursuant to Section 16 of the Federal Arbitration Act, 9 U.S.C. § 16(a).

Now pending is defendant's motion requesting a stay of the proceedings pending the

outcome of the appeal. (Doc. #39).

For the reasons set forth below, the motion is GRANTED.

**DISCUSSION**

When a party appeals an order denying a motion to compel arbitration pursuant to Section

16(a), the underlying case is not automatically stayed. Rather, the determination of whether to

enter a stay pending an appeal is "an exercise of judicial discretion." Nken v. Holder, 556 U.S.

418, 433 (2009). In exercising its discretion, the Court considers the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed
> on the merits; (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested
> in the proceeding; and (4) where the public interest lies.

Id. at 426 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).[1]  The first two factors are considered the most critical.  Id. at 434.

Applying these factors here, the Court concludes a stay is warranted.

The first factor—whether the movant has shown a likelihood of success on the merits— may be satisfied by showing there are "serious questions" going to the merits of the dispute and the balance of hardships tips "decidedly" in the movant's favor.  Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35-38 (2d Cir. 2010).  "The 'serious questions' standard permits a district court to grant a [stay] in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the [stay]."  Id. at 35.  Applying the "serious questions" standard is particularly appropriate when a movant asks the district court to find that its own opinion is likely to be overturned.

Although, for the reasons stated in its March 22 Opinion and Order, the Court finds that defendant has not demonstrated it is likely to succeed on the merits of its appeal, the appeal nevertheless does raise serious questions going to the merits of the dispute and, as set forth below, the balance of hardships tips decidedly in defendant's favor.  In Starke v. SquareTrade, Inc., the court stayed proceedings pending the defendant's appeal of an order denying the defendant's motion to compel arbitration. 2017 WL 11504834 (E.D.N.Y. Dec. 15, 2017).  The court concluded that the appeal—which challenged the court's determination that a hyperlink in an email was insufficient to provide reasonable notice of an arbitration provision—presented a serious question going to the merits.  Id. at *2.  In so concluding, the court recognized that cases

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations

dealing with online contracts involve "fact-intensive question[s] in an evolving area of the law." Id.  Defendant here similarly contests the Court's conclusion that defendant's method of providing notice of an arbitration provision in its account agreement is insufficient to put its users on inquiry notice of such modified terms.  As in Starke v. SquareTrade, Inc., this case raises fact-intensive issues in an evolving area of the law.  Therefore, the Court finds defendant's appeal raises serious questions going to the merits of the dispute.

The second factor—whether defendant will be irreparably harmed absent a stay—weighs decidedly in defendant's favor.  First, defendant would be harmed by the substantial litigation expenses it would incur defending this putative class action prior to a determination of its appeal.  Although, as plaintiff notes, monetary harm arising from increased litigation costs is typically not considered irreparable harm, "[c]ourts have determined that defendants face a particular risk of irreparable harm when they have appealed an order refusing to compel arbitration of a potential class action."  B.F. v. Amazon.com Inc., 2020 WL 3548010, at *4 (W.D. Wash. May 15, 2020), R&R adopted sub nom. B.F. ex rel. Fields v. Amazon, 2020 WL 3542653 (W.D. Wash. June 30, 2020); see also Sutherland v. Ernst & Young LLP, 856 F. Supp. 2d 638, 643 (S.D.N.Y. 2012).  Here, plaintiff brought this putative class action on behalf of herself and others similarly situated.  Therefore, absent a stay, discovery would proceed on a class-wide basis, requiring defendant to "compile and analyze its data spanning all overdraft transactions of all its members."  (Doc. #39 at ECF 2).[2]  Thus, defendant would be irreparably harmed if it were forced to incur substantial costs that would otherwise be mooted by a successful appeal of the Court's March 22 Opinion and Order.

---

[2]    "ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

Moreover, by authorizing interlocutory appeals from a denial of arbitration, Section 16 "evidences a congressional determination that a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case." Meyer v. Kalanick, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016). Courts have held such congressional intent weighs in favor of finding a defendant will be irreparably harmed absent a stay. Id.; see also Starke v. SquareTrade, Inc., 2017 WL 11504834, at *2. This Court is similarly persuaded.

As to the third factor—whether issuance of a stay will "substantially" injure other parties interested in the proceeding—plaintiff argues a stay will inflict substantial injury on her and the putative class members because they continue to be shackled with illegal fees and a stay would delay their ability to recoup those fees. Although plaintiff contends defendant "has extracted millions of dollars from its customers in the form of unlawfully collected [overdraft] Fees and continues to unlawfully extract these monies from existing and newly acquired customers" (Doc. #41 at ECF 3), plaintiff alleges the overdraft charge assessed by defendant is $34 per transaction. If plaintiff is ultimately able to demonstrate these fees were impermissibly obtained, defendant will presumably be required to return such ill-gotten fees. As such, any delay in recouping these fees caused by a stay, while inconvenient, would not inflict substantial injury on plaintiff and the putative class. Thus, the third factor does not cut against granting a stay.

Finally, the fourth factor—whether a stay would serve the public interest—favors a stay, albeit slightly. Namely, a stay would favor the public's interest in judicial economy. See Credit Suisse Sec. (USA) LLC v. Laver, 2019 WL 2325609, at *4 (S.D.N.Y. May 29, 2019) ("[T]he interest of the public[] weighs slightly towards granting the stay because, although the public has

an interest in the speedy resolution of every case, the public is also not served by any wasting of judicial resources.").

On balance, the Court finds a stay is warranted pending resolution of defendant's interlocutory appeal.

**CONCLUSION**

The motion for a stay pending appeal is GRANTED.

This case is STAYED pending further order of the Court.

Defendant shall notify the Court within ten days of the Second Circuit's decision on the appeal.

The Clerk is directed to terminate the letter-motion. (Doc. #39).

Dated: May 10, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge